UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COURTNEY DOUGLAS,

    Plaintiff,

v.

    Case Number:

BOYS AND GIRLS CLUBS OF TAMPA BAY, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff was an employee of Defendant and brings this action for unpaid wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff worked for Defendant and performed related activities for Defendant in Hillsborough County, Florida.

3. Plaintiff was officially engaged by Defendant to work as a "human resources manager" for Defendant in 2016. Plaintiff was mischaracterized under the FLSA as exempt, by Defendant.

4. Plaintiff was paid a fixed wage on a salary basis. However, Plaintiff was not subject to any exemptions under the FLSA.

5. Plaintiff's primary duty was processing applications and issuing drug tests. Plaintiff did not exercise discretion and independent judgment in the performance of her duties.

1

6. Although Plaintiff's title indicated that she was a manager, Plaintiff never supervised 80 hours per week, as required by the DOL Regulations. Plaintiff did not have the authority to determine rates of pay, hire, or discipline Defendant's employees.

7. Plaintiff did not manage a budget. Nor did she have the authority to implement company policy.

8. Plaintiff was unable to bind Defendant to any agreements without approval.

9. Plaintiff habitually worked up to 50 hours a week or more over the during the course of her employment with Defendant.

10. Plaintiff was not paid overtime for all of the hours that she worked.

11. Instead of paying proper wages, Defendant circumvented the FLSA by failing to pay Plaintiff at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

12. As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

13. Plaintiff's seeks full compensation, including liquidated damages, because Defendant failed to pay Plaintiff overtime for all hours worked beyond 40 in a single workweek. Defendant attempted to avoid paying overtime by misclassifying Plaintiff as an exempt employee. In reality, Plaintiff was a non-exempt employee who was entitled to overtime.

14. Defendant is a for non-profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

15. Defendant, at all relevant times to this Complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commerce, including utilizing phone lines to contact organizations and entities outside the state of Florida.

16. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

17. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, Florida, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

18. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization, Defendant is a multi-million-dollar operation that has considerable expertise in the "charitable" industries. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

19. At all material times relevant to this action, Plaintiff in her capacity as an employee was individually covered by the FLSA. Plaintiff often made and received phone calls that crossed state lines.

20. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment. Plaintiff worked over 40 hours per week nearly every week of her employment with Defendant.

21. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21, above.

23. Plaintiff is entitled to be paid premium wages for those hours worked over 40 in a single workweek. During her employment with Defendant, Plaintiff regularly worked more than 40 hours in a single workweek. Plaintiff was not paid premium wages for the hours beyond 40. In many cases, Plaintiff worked in excess of 50 hours a week, without having been paid premium wages.

24. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff premium wages for all hours beyond 40 and even 50 hours in a single workweek, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

25. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid overtime wages and liquidated damages under the FLSA.

26. Plaintiff demands a trial by jury.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DECLARATION PURSUANT TO 28 U.S.C. SECTION 1746

I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY.

DATED: Jan. 23, 2017
PRINT NAME: Courtney P. Douglas
SIGNATURE: /Courtney P. Douglas/

Respectfully submitted this 23rd day of January 2017,

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*

/s/ W. John Gadd
W. JOHN GADD, ESQUIRE
LAW OFFICE OF W. JOHN GADD, P.A.
Florida Bar No. 463061
Bank of America Building
2727 Ulmerton Road - Suite 250

Clearwater, FL 33762  
Telephone: (727) 524-6300

Co-Counsel for Plaintiff